**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESSE CARTER, individually and**
**on behalf of all others similarly**
**situated,**

Case No. 6:19-cv-00378-RBD-GJK

<u>**CLASS ACTION**</u>

     Plaintiffs,

v.

**GREEN CASH, LLC, a foreign**
**corporation, and WD SERVICES,**
**LLC, a foreign corporation,**

     Defendants.     /

<u>**DEFENDANT GREEN CASH LLC'S ANSWER TO PLAINTIFF'S CORRECTED**</u>
<u>**COMPLAINT AND JURY DEMAND**</u>

Defendant Green Cash LLC ("Green Cash") hereby answers the putative class action Complaint and Jury Demand (the "Complaint") of Plaintiff Jesse Carter ("Plaintiff").  For the avoidance of doubt, Green Cash denies any and all statements in the Complaint's section headings or otherwise made outside the numbered paragraphs therein.  As to the allegations contained in the numbered paragraphs of the Complaint, Green Cash hereby answers and responds as follows:

1. Paragraph 1 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash admits only that the action purports to assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and denies the remaining allegations in Paragraph 1.

2. Paragraph 2 does not raise any factual issues requiring a response and contains conclusions of law to which no response is required.  To the extent any response is required,

Green Cash admits only that the action purports to assert claims under the TCPA.  Green Cash

lacks information sufficient to form a belief as to the remaining allegations in Paragraph 2 and

therefore denies them.

## JURISDICTION AND VENUE

3.      Paragraph 3 contains conclusions of law to which no response is required.  To the

extent any response is required, Green Cash admits only that the action purports to assert a claim

under the TCPA.

4.      Green Cash denies the allegations in Paragraph 4.

## PARTIES

5.      Paragraph 5 conclusions of law to which no response is required.  To the extent

any response is required,  Green Cash lacks information sufficient to form a belief as to the

allegations in Paragraph 5 and therefore denies those allegations.

6.      Green Cash denies the allegations in Paragraph 6, except admits that Green Cash

has its principal place of business in California.

7.      Paragraph 7 conclusions of law to which no response is required.  To the extent

any response is required, Green Cash lacks information sufficient to form a belief as to the

allegations in Paragraph 7 and therefore denies them.

8.      Green Cash denies the remaining allegations in Paragraph 8.

9.      Green Cash denies the allegations in Paragraph 9.

10.     Green Cash lacks information sufficient to form a belief as to the allegations in

Paragraph 10 and therefore denies them.

## THE TELEPHONE CONSUMER PROTECTION ACT

11.     Paragraph 11 does not raise any factual issues requiring a response.  To the extent

any response is required, Green Cash denies the allegations in Paragraph 11.

12.     Paragraph 12 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 12.

13.     Paragraph 13 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 13.

14.     Paragraph 14 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 14.

15.     Paragraph 15 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 15.

16.     Paragraph 16 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 16.

17.     Paragraph 17 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 17.

18.     Paragraph 18 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 18.

19.     Paragraph 19 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 19.

20.     Paragraph 20 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 20.

21.     Paragraph 21 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 21.

22.     Paragraph 22 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash denies the allegations in Paragraph 22.

## FACTUAL ALLEGATIONS

23.     Green Cash realleges and reincorporates by reference its responses to each of the

preceding Paragraphs as though fully set forth herein.

24.     Green Cash denies the remaining allegations in Paragraph 24.

25.     Green Cash lacks information sufficient to form a belief as to the allegations in Paragraph 25 and therefore denies them.

26.     Green Cash lacks information sufficient to form a belief as to the allegations in Paragraph 26 and therefore denies them.

27.     Green Cash denies the allegations in Paragraph 27.

28.     Green Cash denies the allegations in Paragraph 28.

29.     Green Cash denies the allegations in Paragraph 29.

30.     Green Cash denies the allegations in Paragraph 30.

31.     Green Cash lacks information sufficient to form a belief as to the allegations in Paragraph 31 and therefore denies them.

32.     Green Cash denies the allegations in Paragraph 32 to the extent they apply to Green Cash.   Green Cash lacks information sufficient to form a belief as to the remaining allegations in Paragraph 32 and therefore denies them.

33.     Paragraph 33 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 33.

34.     Green Cash lacks information sufficient to form a belief as to the allegations in Paragraph 34 and therefore denies them.

35.     Green Cash lacks information sufficient to form a belief as to the allegations in Paragraph 35 and therefore denies them.

36.     Paragraph 36 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 36.

37.      Green Cash lacks information sufficient to form a belief as to the allegations in Paragraph 37 and therefore denies them.

38.      Paragraph 38 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 38.

39.      Green Cash lacks information sufficient to form a belief as to the allegations in Paragraph 39 and therefore denies them.

40.      Green Cash lacks information sufficient to form a belief as to the allegations in Paragraph 40 and therefore denies them.

41.      Paragraph 41 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 41.

42.      Green Cash denies the allegations in Paragraph 42.

43.      Green Cash denies the allegations in Paragraph 43.

44.      Green Cash denies the allegations in Paragraph 44.

45.      Paragraph 45 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 45.

46.      Paragraph 46 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 46.

47.      Paragraph 47 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 47.

48.      Paragraph 48 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 48.

49.      Paragraph 49 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 49.

50.     Green Cash denies the allegations in Paragraph 50.

51.     Green Cash denies the allegations in Paragraph 51.

## CLASS ACTION ALLEGATIONS

52.     Green Cash realleges and reincorporates by reference its responses to Paragraphs 1 through 22 and 24 through 51 above as though fully set forth herein.

53.     Paragraph 53 does not raise any factual issues requiring a response.  To the extent any response is required, Green Cash admits only that this action purports to be a putative class action brought on behalf of Plaintiff and others similarly situated but and specifically denies that this action is suitable or is able to meet the standards for class treatment.  Green Cash denies any remaining allegations of Paragraph 53.

54.     Green Cash denies the allegations in Paragraph 54.

55.     Green Cash denies the allegations in Paragraph 55 and specifically denies that this action is suitable or is able to meet the standards for class treatment.

56.     Green Cash denies the allegations in Paragraph 56 and specifically denies that this action is suitable or is able to meet the standards for class treatment.

57.     Green Cash denies the allegations in Paragraph 57.

58.     Green Cash denies the allegations in Paragraph 58.

59.     Green Cash lacks information sufficient to form a belief as to the allegations in Paragraph 59 and therefore denies them.

60.     Paragraph 60 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 60.

61.     Paragraph 61 contains conclusions of law to which no response is required.  To the extent any response is required, Green Cash denies the allegations in Paragraph 61.

62.     Green Cash denies the allegations in Paragraph 62, and specifically denies

Plaintiff or the putative class members were harmed by Green Cash in any way or that Plaintiff or the putative class members are entitled to any damages or relief from Green Cash whatsoever.

63.     Paragraph 63 does not raise any factual issues requiring a response. To the extent any response is required, Green Cash admits only that this action purports to seek damages and injunctive relief on behalf of Plaintiff and the putative class but specifically denies Plaintiff or the putative class members were harmed by Green Cash in any way or that Plaintiff or the putative class members are entitled to any damages or relief from Green Cash whatsoever. Green Cash denies the remaining allegations in Paragraph 63.

64.     Green Cash denies the allegations in Paragraph 64 and specifically denies that this action is suitable or is able to meet the standards for class treatment.

65.     Green Cash denies the allegations in Paragraph 65 (including all subparts) and specifically denies that this action is suitable or is able to meet the standards for class treatment.

66.     Green Cash denies the allegations in Paragraph 66 and specifically denies that Plaintiff is a typical or adequate class representative or that this action is suitable or is able to meet the standards for class treatment.

67.     Green Cash denies the allegations in Paragraph 67 and specifically denies that this action is suitable or is able to meet the standards for class treatment, that Plaintiff or the putative class members were harmed by Green Cash in any way, or that Plaintiff or the putative class members are entitled to any damages or relief from Green Cash whatsoever.

68.     Green Cash lacks information sufficient to form a belief as to the allegations in Paragraph 68 and therefore denies them.

69.     Green Cash denies the allegations in Paragraph 69 and specifically denies that this action is suitable or is able to meet the standards for class treatment.

70.     Green Cash denies the allegations in Paragraph 70 specifically denies that this action is suitable or is able to meet the standards for class treatment.

71.     Green Cash denies the allegations in Paragraph 71 and specifically denies that this action is suitable or is able to meet the standards for class treatment, that Plaintiff or the putative class members were harmed by Green Cash in any way, or that Plaintiff or the putative class members are entitled to any damages or relief from Green Cash whatsoever.

## COUNT I: VIOLATIONS OF THE TCPA 47 U.S.C. § 227 ET SEQ.
### (on behalf of Plaintiff and the Class)

72.     Green Cash realleges and reincorporates by reference its responses to Paragraphs 1 through 22, 24 through 51, and 53 through 71 above each of the preceding paragraphs as though fully set forth herein.

73.     Green Cash denies the allegations in Paragraph 73.

74.     Green Cash denies the allegations in Paragraph 74 and specifically denies that Plaintiff or the putative class members were harmed by Green Cash in any way, or that Plaintiff or the putative class members are entitled to any damages or relief from Green Cash whatsoever.

75.     Green Cash denies the allegations in Paragraph 75 and specifically denies that Plaintiff or the putative class members were harmed by Green Cash in any way, or that Plaintiff or the putative class members are entitled to any damages or relief from Green Cash whatsoever.

## COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF TCPA 47 U.S.C. § 227 ET SEQ.
### (on behalf of Plaintiff and the Class)

76.     Green Cash realleges and reincorporates by reference its responses to Paragraphs 1 through 22, 24 through 51, and 53 through 71 above each of the preceding paragraphs as though fully set forth herein.

77.     Green Cash denies the allegations in Paragraph 77.

78.     Green Cash denies the allegations in Paragraph 78 and specifically denies that Plaintiff or the putative class members were harmed by Green Cash in any way, or that Plaintiff or the putative class members are entitled to any damages or relief from Green Cash whatsoever.

79.     Green Cash denies the allegations in Paragraph 79 and specifically denies that Plaintiff or the putative class members were harmed by Green Cash in any way, or that Plaintiff or the putative class members are entitled to any damages or relief from Green Cash whatsoever.

## RESPONSE TO PRAYER FOR RELIEF

Green Cash denies that Plaintiff or the putative class is entitled to any relief, including in particular the relief specifically requested on page 17 of the Complaint, or any relief whatsoever.

## GENERAL DENIALS

All allegations in the Complaint, including those presented in any and all attached exhibits, that are not specifically admitted above are hereby denied, and Green Cash denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the Complaint or that purport to relate to conduct by other parties.  For the avoidance of doubt, Green Cash denies any liability as to having violated the TCPA or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the Complaint or otherwise.  Green Cash expressly reserves the right to amend its responses above and affirmative defenses below for any reason as permitted by applicable rules, orders, and law.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the facts alleged in the Complaint or liability as to Plaintiff or any putative class member, Green Cash asserts and alleges the following separate and additional defenses, without prejudice to Green Cash's right to argue that Plaintiff bears the burden of proof as to any one or more of these defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Green Cash upon which relief can be granted under the TCPA or other law, and therefore ought to be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot carry his burden of showing that any action by Green Cash was willful or knowing.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged conduct complained of by Plaintiff was caused or contributed to by the acts of Plaintiff or third parties other than Green Cash. Accordingly, Plaintiff's recovery from Green Cash, if any, should be barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing, in particular under Article III of the U.S. Constituion.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged in any manner then said damages, if any, or the whole thereof, were and are a result of the failure of Plaintiff to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk because Plaintiff voluntarily opted in to receive calls and failed to engage in reasonable efforts to cease the calls.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff provided his prior express consent or prior

express written consent to be contacted, or no consent was required under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

The Complaint and the purported claims for relief stated therein are barred because Plaintiff has not sustained any injury or damage as a result of any act or omission of Green Cash.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* harm because the actual harm allegedly suffered is negligible.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused in whole or in part by the actions of parties other than Green Cash.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for injunctive relief insofar as he seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent the TCPA is applied against Green Cash in this case to impose upon Green Cash liability in circumstances that Green Cash could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the TCPA is applied against Green Cash in this case to impose liability that would restrict Green Cash's speech on the basis of its content, the TCPA violates the First

Amendment to the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the TCPA is applied against Green Cash in this case to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The putative class defined by Plaintiff's Complaint does not constitute an appropriate class to be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class has not suffered a common injury, is not ascertainable or identifiable, and would require individual proof of damages.  Further, the claims of the class representative are not typical of the class members defined in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The putative class defined by Plaintiff's Complaint is impermissibly failsafe and does not constitute an appropriate class to be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint and the purported claims for relief stated therein are barred because the Court lacks personal jurisdiction over Green Cash.  This Court does not have personal jurisdiction over Green Cash because the allegations in the Complaint do not satisfy the Florida Long-Arm Statute (Fla. Stat. § 48.193).  Further, this Court does not have personal jurisdiction over Green Cash because the allegations in the Complaint do not support the exercise of general jurisdiction over Green Cash, a non-resident LLC that was neither formed in Florida nor does it

have its principal place of business in Florida.  Moreover, this Court does not have specific

personal jurisdiction over Green Cash because Green Cash does not have any contact with

Florida, nor do the claims arise from any contact between Green Cash and Florida.

**TWENTIETH AFFIRMATIVE DEFENSE**

Certain additional defenses to the Complaint and to the purported claims for relief stated

therein may be available to Green Cash.  However, these additional defenses may require

discovery before they can be properly alleged.  Thus, Green Cash reserves the right to assert

other separate and additional defenses, if and when they become appropriate in this action.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Green Cash demands a

trial by jury of all issues triable of right by jury.

**PRAYER**

WHEREFORE, Green Cash prays that:

1.      Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.      Plaintiff takes nothing by this action;

3.      Green Cash be awarded their costs of suit; and,

4.      Green Cash be awarded such other relief as the Court deems just and proper.

DATED:  May 2, 2019

Respectfully submitted,
GREEN CASH LLC
By its attorneys,

/s/ Charles P. Gufford
Charles P. Gufford
Fla. Bar No. 604615
225 E. Robinson Street, Ste. 155
Orlando, FL 32801
(407) 674-1850
Charles.Gufford@mccalla.com

Christine M. Reilly (*pro hac vice forthcoming*)
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd
Los Angeles, CA 90064
(310) 312-4000
creilly@manatt.com

Danielle C. Newman (*pro hac vice forthcoming*)
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10036
(312) 626-1813
dnewman@manatt.com