**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JESSE CARTER, individually and on behalf
of all others similarly situated,

                Plaintiff,

v.                                                Case No. 6:19-cv-00378-RBD-GJK

GREEN CASH LLC, a foreign corporation, and
WD SERVICES, LLC, a foreign corporation.

                Defendants.

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures | **June 17, 2019** |
| Certificate of Interested Persons and Corporate Disclosure Statement | **Completed** |
| Motions to Add Parties or to Amend Pleadings | **July 17, 2019** |
| Motion for Class Certification<br>Response to Motion for Class Certification<br>Reply to Response | **February 1, 2020**<br>**March 1, 2020**<br>**March 15, 2020** |
| Disclosure of Expert Reports    Plaintiff:<br>                                        Defendant: | **May 21, 2020**<br>**June 21, 2020** |
| Discovery Deadline | **August 21, 2020** |
|  |  |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Dispositive Motions, *Daubert*, and *Markman* Motions | **September 22, 2020 or 30 days after Order on Class Certification, whichever is later** |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions emailed to chambers_FLMD_Dalton@flmd.uscourts.gov in Word format), Witness Lists, Exhibit Lists with Objections on Approved Form)   Trial Briefs [Court recommends 4 weeks before Final Pretrial Conference] | **January 4, 2021** |
| All Other Motions Including Motions *In Limine* | **January 11, 2021** |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | **To be determined by Court** |
| Trial Term Begins | **March 2021** |
| Estimated Length of Trial | **5 Days** |
| Jury / Non-Jury | **Jury Trial** |
| Mediation                                    Deadline: Mediator: Address: Telephone: | **September 21, 2020** |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____ No_X___ Likely to Agree in Future _____ |

I.  **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held via telephone conference pursuant to the Court's ENDORSED ORDER granting [26] Joint Motion to Conduct Case Management Conference by Telephone, on May 17, 2019 at 2:30 p.m. (EST) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Jacob Phillips | Plaintiff |
| Ed Normand | Plaintiff |
| Danielle Newman | Defendant |

II. **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties __ have exchanged _X_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by June 17, 2019.

Below is a description of information disclosed or scheduled for disclosure.

**The Parties will exchange information in accordance with and pursuant to the requirements outlined in Rule 26(a)(1)(A) – (D).**

III. **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

\_\_   no party anticipates the disclosure or discovery of ESI in this case;

\_X   one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[1]

   A.   The form or forms in which ESI should be produced.

   B.   Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

   C.   Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

   D.   The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

   E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

   F.   Any issues relating to preservation of discoverable ESI.

   G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, only in the unusual

---

[1] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

event an agreement between the parties is insufficient, an Order under Federal Rules of Evidence Rule 502,  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report, together with a statement as to why an enforceable agreement between the parties is not sufficient.   The parties should attempt to agree on protocols that minimize the risk of waiver.   Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

  H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

  Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

_____

_____

  If there are disputed issues specified above, or elsewhere in this report, then (check one):

  ___ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.   Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

  If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

  ___ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**The Parties have agreed to work together in drafting and signing an ESI Stipulation governing production ESI in this matter. The Parties anticipate they will be able to coming**

**to such agreement without the need for court assistance and do not have any disputes at this time.**

IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

    A.     **Certificate of Interested Persons and Corporate Disclosure Statement** This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper C including emergency motion C is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

    Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

    ___X____   Yes

    _____   No

Amended Certificate will be filed by _____ (party) on or before _____ date).

    B.     **Discovery Not Filed**

    The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

    **The Parties agree that electronic service of discovery is sufficient, and discovery will be considered serve on the day on which it is emailed to the opposing party.**

  **C.** **Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a).   Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.   Fed.R.Civ.P. 30(d)(2).   The parties may agree by stipulation on other limits on discovery.   The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.   Fed.R.Civ.P. 29.   In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

**The Parties agree to all limits of discovery outlined in federal and local rules, and that no further limitations are necessary at this time.**

  **D.** **Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.   The Court may deny as untimely all motions to compel filed after the discovery deadline.   In addition, the parties agree as follows:

**Nothing at this time.**

  **E.** **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).   Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.   Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.   The parties agree on the following additional matters pertaining to the disclosure of expert testimony**:**

**The Parties agree to the deadline as set forth above. Also, the Parties agree that to the extent an expert offers one opinion in support of class certification and another in support of a dispositive motion, the proffering party will not object to the opposing party taking said expert's deposition twice.**

F.   **Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**The Parties agree to negotiate in good faith concerning a governing Confidentiality Agreement in this case. The Parties further agree that to the extent either party intends to**

**file information marked confidential, the filing party will provide notice to the opposing party of such intention and allow the opposing party, if it chooses, to make the necessary motion showing good cause of such information to be filed under seal.**

    G.    **Other Matters Regarding Discovery -**

    **Nothing at this time.**

VI.    **Settlement and Alternative Dispute Resolution.**

    A.    **Settlement -**

    The parties agree that settlement is \_\_\_\_\_ likely \_\_\_X\_\_\_ unlikely **at this time**

    The parties request a settlement conference before a United States Magistrate Judge. \_\_\_\_\_ yes \_\_\_X\_\_\_ no \_\_\_\_\_ likely to request in future

    B.    **Arbitration**

    The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.  Do the parties agree to arbitrate?

    \_\_\_\_\_ yes \_\_\_X\_\_\_ no \_\_\_\_\_ likely to agree in future

    \_\_\_\_\_ Binding \_\_\_\_\_ Non-Binding

    C.    **Mediation**

    Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.     Other Alternative Dispute Resolution -**

The parties intend to pursue the following other methods of alternative dispute resolution:

**The Parties agree to the mediator and mediation date as set forth above.**

Date: May 24, 2019.

| | |
|---|---|
| */s/ Ed Normand* <br> Edmund A. Normand <br> Fla. Bar No. 865590 <br> */s/ Jake Phillips* <br> Jacob L. Phillips <br> Fla. Bar No. 120130 <br> **NORMAND PLLC** <br> 3165 McCrory Place <br> Suite 175 <br> Orlando, Florida 32803 <br> Telephone: (407) 603-6031 <br> service@ednormand.com <br> ed@normandpllc.com <br> jacob.phillips@normandpllc.com <br><br> ***Attorneys for Plaintiff and Putative Class*** | */s/ Danielle C. Newman* <br> Danielle C. Newman <br> **Manatt, Phelps & Phillips, LLP** <br> 7 Times Square <br> New York, NY 10036 <br> (312) 626-1813 <br> dnewman@manatt.com <br><br> */s/ Christine M. Reilly* <br> Christine M. Reilly <br> **Manatt, Phelps & Phillips, LLP** <br> 11355 W. Olympic Blvd <br> Los Angeles, CA 90064 <br> (310) 312-4000 <br> creilly@manatt.com <br><br> */s/ Charles Gufford* <br> Charles Gufford, Esq. <br> Fla. Bar No. 604615 <br> 225 E. Robinson St. Ste. 155 <br> Orlando, FL. 32801 <br> (407) 674-1850 <br> Charles.Gufford@McCalla.com <br><br> ***Attorneys for Defendant Green Cash LLC*** |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Jake Phillips*
Jacob L. Phillips
